## CASADO v. SCHELL, Collector.

*(Circuit Court, S. D. New York.   December 22, 1887.)*

CUSTOMS DUTIES—GAUGING—EXPENSE OF—FEES.

Rev. St. U. S. § 2920, relating to the collection of duties, provides that, in all cases in which the invoice or entry does not contain the weight or quantity, or measure of merchandise, now * * * gauged the same, shall be * * * gauged * * * at the expense of the owner, agent, or consignee. In an action to recover gauger's fees paid by an importer, *held* that, where an importer or merchant does not accurately state the quantity of his goods, whether stated in known units employed in this country, or in known foreign units, and the result of the gauging shows that the gauging was necessary in order to determine the fact that the quantity was not accurately stated, the importer or merchant must bear the expense thereof.

This was an action to recover gauger's fees paid in 1857, 1858, and 1859, on importations of wine from Spain.   The invoices stated the quantity in quarter-casks and octaves, and evidence introduced by the plaintiff tended to show that these were fractions of the pipe or butt, by which wines were bought and sold in Spain, and which, in the different Spanish ports, contained a definite number of gallons; that its capacity was not the same in all ports; but that the respective capacities of the Cadiz, Malaga, Barcelona, and other pipes was well-known to the trade, both there and here.

*Almon W. Griswold*, for plaintiff.

*Stephen A. Walker*, Dist. Atty., for defendant.

LACOMBE, J., *(orally.)*   Irrespective, entirely, of the decision of Judge NELSON, the more recent deliverances upon the points now raised in this circuit, seem to be sufficiently conflicting to entitle this court to treat it substantially as a new question, and to determine it by a construction of the statute, unconstrained by any particular decision.   Nor is there anything in the contention that the practical construction of the statute by the treasury department sustains the plaintiff's interpretation, because that department has construed the section differently at different times.

The statute referred to is that of 1846, which provides that "in all cases in which the invoice or entry shall not contain the weight or quantity, or measure of goods, wares, or merchandise, *now* [that is, at the time of the passage of that statute, and it appears and is not disputed that, at the time of the passage of that statute, wines of this character were measured]—weighed or measured or gauged, the same shall be weighed, gauged, or measured at the expense of the owner, agent, or consignee."   What did congress mean by that particular piece of legislation? Before this act was passed, it appears that wines and liquors were measured and gauged, and that the gauger's fees were paid by the government. Congress evidently meant to make a change in that system of some kind, or it would not have enacted this section.   The change which it has made may be either of two; that is to say, the section lends itself to either of two constructions.   The one construction, which is practically that for which

the plaintiff contends, is that if the invoice or entry contains a statement of a unit of measure, common in a foreign country, and known to gaugers and appraisers and persons in business here, as comprehending a certain, fixed, definite quantity, that in that case the fees shall not be charged to the importer, whether the package, when it is broken here and examined into, does or does not contain the total of that unit, or of its particular multiple or fraction. On the other hand, the section equally lends itself to the construction that it was intended to provide that, in cases where the merchant or importer did not accurately state the total quantity of his goods, whether he may have stated it in the known units employed in this county, or in known foreign units, and the result of the gauging showed that the gauging was necessary in order to determine the fact that the quantity, (and consequently the value thereof,) as reported, was different from the quantity and value as found, then, in the event that such a discrepancy appeared, the merchant or importer was to bear the expense of gauging. That seems to me to be the most reasonable interpretation of this particular section, and I shall therefore direct the jury to find a verdict for the defendant.